IN THE CIRCUIT COURT FOR THE
SIXTH JUDICIAL CIRCUIT, IN AND
FOR **PINELLAS** COUNTY, FLORIDA

CASE NO.: OY- 101031-21- 8

**JOSEPH E. MOTTA,**

    Plaintiff,

v.

**LVNV FUNDING LLC,**
**EQUIFAX INFORMATION SERVICES, LLC, and**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **JOSEPH E. MOTTA**, by and through his undersigned counsel, sues Defendant,

**LVNV FUNDING LLC, EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN**

**INFORMATION SOLUTIONS, INC.**, and states as follows:

1.    This is an action for damages in excess of $15,000, exclusive of costs, interest and attorney's fees.

2.    Plaintiff, JOSEPH E. MOTTA, ("Plaintiff") is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

3.    Plaintiff is a consumer as defined under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55(2).

4.    Defendant, LVNV FUNDING LLC, ("LVNV") is a debt collector as defined under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55(6).

5.    Defendant, LVNV, is a business that furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

6. Defendant, EQUIFAX INFORMATION SERVICES LLC, ("Equifax") is a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(f).

7. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") is a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(f).

8. Prior to December 14, 2005, Plaintiff contacted nonparty, GE Money Bank, and disputed a Dillard's credit card account #XXXXXXXXXXXXX2598 ("Dillard's Account") as not his.

9. On or about December 14, 2005, GE Money Bank sent Plaintiff a letter verifying that the Dillard's Account did not belong to Plaintiff and that GE Money Bank had directed the credit reporting agencies, including Experian, Equifax, and TransUnion, to delete the tradeline reference regarding the Dillard's account from Plaintiff's credit file. A copy of the said letter is attached and incorporated herein as **EXHIBIT "A."**[1]

10. On or about February 28, 2006, nonparty, GE Money Bank, sent Plaintiff another letter verifying that the Dillard's account did not belong to Plaintiff and that GE Money Bank had directed the credit reporting agencies, including Experian, Equifax, and TransUnion, to delete the tradeline reference regarding the Dillard's account from Plaintiff's credit file. A copy of the said letter is attached and incorporated herein as **EXHIBIT "B."**[2]

11. On or about May 5, 2006, Plaintiff received a collection letter from nonparty, Encore Receivable Management, Inc., ("Encore") notifying Plaintiff that GE Money Bank had sent the Dillard's Account to Encore for collection. A copy of the said letter is attached and incorporated herein as **EXHIBIT "C."**

---

[1] Social security numbers and account numbers have been redacted from the Exhibits for privacy reasons.

[2] It was Plaintiff's practice to attach all previous correspondence to each letter.

12.    On or about May 17, 2006, Plaintiff sent a letter to Encore disputing the Dillard's account as not his, explaining the previous attempts to prove that the Account was not his. A copy of the said letter is attached and incorporated herein as **composite EXHIBIT "D."**

13.    On information and belief, Encore referred the debt directly or indirectly to subsequent debt collectors and provided notice that the debt was disputed.

14.    On or about June 19, 2006, nonparty, Professional Bureau of Collections of Maryland, Inc., ("PBC") attempted to collect the disputed Dillard's account by sending a collection letter to Plaintiff. A copy of the said letter is attached and incorporated herein as **EXHIBIT "E."**

15.    On or about June 29, 2006, Plaintiff sent a letter to PBC disputing the debt yet again and attaching prior documentation providing evidence that the debt was invalid. A copy of the said letter is attached and incorporated herein as **EXHIBIT "F."**

16.    On or about July 26, 2006, PBC sent a letter to Plaintiff providing a Dillard's statement as proof that the disputed account belonged to Plaintiff, even though Plaintiff had provided documentation to PBC in the form of the December 14, 2005 letter from GE Money Bank confirming the Dillard's account was NOT his. A copy of the said letter is attached and incorporated herein as **EXHIBIT "G."**

17.    On or about August 9, 2006, Plaintiff sent another letter to PBC disputing the Dillard's Account and in that letter, Plaintiff notified PBC that the Dillard's account was not his and was in fact an account belonging to his parents, Joseph "F" and Janet Motta, and again attaching the Dillard's letter confirming the account was not his. A copy of the said letter is attached and incorporated herein as **EXHIBIT "H."**

3

18.     In the August 9, 2006 letter, Plaintiff notified PBC that he did not wish to be contacted regarding the Dillard's account and that he was represented by an attorney.

19.     On information and belief, nonparty, Resurgent Capital Services, LP, ("Resurgent") and the Defendant, LVNV, act as agents of one another pursuant to one or more agreements or by virtue of their corporate organizations as part of the Sherman Acquisition companies.

20.     Accordingly, notice to Resurgent is notice to Defendant, LVNV, and vice versa in the context of this case.

21.     On or about September, 2007, Plaintiff received a collection notice from Resurgent Capital Services, LP ("Resurgent")/LVNV.  A copy of the said letter is attached and incorporated herein as **EXHIBIT "I."**

22.     Plaintiff subsequently disputed the Dillard's account with Resurgent/LVNV.

23.     On or about September 28, 2007, Plaintiff received a letter confirming his dispute with Resurgent, showing the previous creditor as GE Capital, and the current creditor as Defendant, LVNV, and that his claim was being investigated.  A copy of the said letter is attached and incorporated herein as **EXHIBIT "K."**

24.     Despite being repeatedly notified by Plaintiff and possibly other nonparties that the debt was disputed, Defendant, LVNV, reported the account as a major derogatory account to each of the three main credit bureaus in an effort to collect the debt, to harass the Plaintiff, and to force the Plaintiff to pay for a debt that he did not owe.

25.     Moreover, Defendant, LVNV, did not at all times thereafter report the debt as disputed in violation of Section 1692e(8) of the Fair Credit Reporting Act.

4

26.     Under 15 U.S.C. § 1692e and e(10), "Debt collectors may not make false claims, period." *Randolph v. IMBS, Inc.*, 368 F. 3d 726, 730 (7th Cir. 2004), citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993).

27.     On or about October 28, 2007, Plaintiff received a credit alert from True Credit which showed that Defendant, LVNV, had reported a new account in Plaintiff's credit file on October 27, 2007 to TransUnion, and on October 28, 2007 to Equifax. The alert also reported an account added to Plaintiff's Experian credit file on October 26, 2007 described as "00004650" (upon information and belief is the Defendant, LVNV's reporting of the Dillard's account) and described as "Major Derogatory." A copy of the said alert is attached and incorporated herein as **EXHIBIT "L."**

28.     On or about October 31, 2007, Plaintiff sent a letter to TransUnion disputing the Defendant, LVNV's account and providing documentation including the December 14, 2005 letter from Dillard's verifying the account as not Plaintiff's and verifying that the credit reporting agencies, including TransUnion, had been notified as such. Plaintiff directed the credit reporting agency to remove the account and requested verification that the account had been removed. A copy of the said letter is attached and incorporated herein as **EXHIBIT "M."**

29.     On or about October 31, 2007, Plaintiff sent a letter to Defendant, EQUIFAX, disputing the LVNV account and providing documentation, including the December 14, 2005 letter from Dillard's verifying the account as not Plaintiff's and verifying that the credit reporting agencies, including Equifax, had been notified as such. Plaintiff directed the credit reporting agency to remove the account, and requested verification that the account had been removed. A copy of the said letter is attached and incorporated herein as **EXHIBIT "N."**

5

30.     On or about October 31, 2007, Plaintiff conducted an online dispute of the LVNV account with Defendant, EXPERIAN, through its website.

31.     On or about November 7, 2007, Plaintiff received a letter from TransUnion stating that, "We are unable to accept the documentation you sent." TransUnion also stated that it would investigate the dispute with the source of the disputed information and advise them of your dispute, and ask them to verify the accuracy of the information." A copy of the said letter is attached and incorporated herein as **EXHIBIT "O."**

32.     On or about November 21, 2007, Plaintiff received a letter from Defendant, EQUIFAX, stating that "Equifax verified that this item belongs to you." The letter directed Plaintiff to contact Defendant, LVNV. A copy of the said letter is attached and incorporated herein as **EXHIBIT "P."**

33.     On information and belief, Defendant, EQUIFAX, communicated the dispute it received to Defendant, LVNV.

34.     Rather than conducting a reasonable reinvestigation as required by Section 1681s-2(b) of the Fair Credit Reporting Act, Defendant, LVNV, chose to simply verify the information.

35.     In doing so, Defendant, LVNV continued to report a debt to the credit bureaus without referencing the fact that it was disputed in violation of Section 1692e(8) of the Fair Debt Collection Practices Act.

36.     Defendant, LVNV did so with a sinister purpose, i.e., to collect a debt from Plaintiff that was owed by someone else and to harass the Plaintiff until his only relief was to pay the debt.

6

37.     Moreover, Defendant, LVNV, sent the matter onto an attorney to further harass plaintiff.

38.     On or about November 30, 2007, Plaintiff received a letter from Dennis E. Henry, notifying Plaintiff that Defendant, LVNV, had purchased the Dillard's account, that the law firm of Frederick J. Hanna & Associates, P.C. was representing Defendant, LVNV, in its efforts to collect the debt on the Dillard's account, and that Plaintiff had thirty (30) days to dispute the validity of the debt. A copy of the said letter is attached and incorporated herein as **EXHIBIT "Q."**

39.     On or about November 30, 2007, Plaintiff received notification from Trans Union that the Dillard's account had been verified by Defendant, LVNV, as belonging to Plaintiff. A copy of the said letter is attached and incorporated herein as **EXHIBIT "R."**

40.     On information and belief, Trans Union communicated the dispute it received to Defendant, LVNV.

41.     Rather than conducting a reasonable re-investigation as required by Section 1681s-2(b) of the Fair Credit Reporting Act, Defendant, LVNV, chose to simply verify the information.

42.     In doing so, Defendant, LVNV, continued to report a debt to the credit bureaus without referencing the fact that it was disputed in violation of Section 1692e(8) of the Fair Debt Collection Practices Act.

43.     Defendant, LVNV, did so with a sinister purpose, i.e., to collect a debt from Plaintiff that was owed by someone else and to harass the Plaintiff until his only relief was to pay the debt.

44.     On or about December 20, 2007, Plaintiff sent a letter to Dennis E. Henry, LVNV's attorney and agent, disputing the Dillard's account debt, demanding that the account be removed from Plaintiff's credit report, and demanding that Mr. Henry's client, Defendant, LVNV, cease

7

harassing Plaintiff. Plaintiff enclosed his prior disputes and the December 14, 2005 letter from Dillard's. A copy of the said letter is attached and incorporated herein as **EXHIBIT "S."**

45.    On or about December 20, 2007, Plaintiff sent a letter to Defendant, EXPERIAN, documenting that he had not received a response to his October 31, 2007 on-line dispute of the LVNV account, again disputing the LVNV account as invalid, and notifying Defendant, EXPERIAN, that he had previously provided documentation confirming the account was invalid. Plaintiff attached a copy of the December 14, 2005 letter which verified the account as invalid and verified notice to Experian from Dillard's. A copy of the said letter is attached and incorporated herein as **EXHIBIT "T."**

46.    On or about January 15, 2008, Plaintiff received a Correction Summary from Defendant, EXPERIAN, indicating that the account had been verified as accurate. The summary showed the current status of the LVNV account status as "Collection account. $4,709 past due as of Jan. 2008"; the Account history as: "Collection as of Jan. 2008"; and Comments, "Account information disputed by consumer" and "This item was verified and updated on Jan. 2008." A copy of the said letter is attached and incorporated herein as **composite EXHIBIT "U."**

47.    On information and belief, Trans Union communicated the dispute it received to Defendant, LVNV.

48.    Rather than conducting a reasonable reinvestigation as required by Section 1681s-2(b) of the Fair Credit Reporting Act, Defendant, LVNV, chose to simply verify the information.

49.    Defendant, LVNV, did so with a sinister purpose, i.e., to collect a debt from Plaintiff that was owed by someone else and to harass the Plaintiff until his only relief was to pay the debt.

8

50.     The January 15, 2008 Correction Summary also stated that the above stated (inaccurate) information had been sent to "American Express Co, Amex Account Review, Amex Account Review, Bank of America, Cap One NA, Capital One Auto Fin PO#, Chase Card Services, First Equity Card Corp., First Equity Card/TSYS, First USA, NA, First USA, NA, Providian Financial, TransUnion Interactive, Truelink, and WFCB/Blair."

51.     On or about February 18, 2008, Discovery Card sent Plaintiff notice that he was denied credit because his credit report contained, "Collection, Charge-off, or Judgment." The letter directed him to contact Trans Union as the source of the derogatory credit. A copy of the said letter is attached and incorporated herein as **composite EXHIBIT "V."**

52.     The only collection, charge-off , or judgment on Plaintiff's Trans Union credit report at the time was the false LVNV account.

53.     On or about March 3, 2008, Plaintiff obtained a True Credit tri-merge credit report. A copy of an excerpt from said report is attached hereto and incorporated herein as **EXHIBIT "W."** The report showed that Plaintiff's credit files from TransUnion, Experian, and Equifax contained a tradeline for Defendant, LVNV, showing:

        a.  For TransUnion,

            i.  Condition: Derogatory.

            ii.  Pay Status: Collection/Chargeoff.

            iii.  Past Due: $4741.

            iv.  Opened: 8/28/2007.

            v.  Reported: 02/07/2008.

            vi.  Remarks: "Collection Account, Account information disputed by consumer, meets FCRA requirements"

b.  For EXPERIAN,

      i.  Condition: Derogatory.

      ii.  Pay Status: Collection/Chargoff.

      iii.  Past Due: $4741.

      iv.  Opened: 08/2007.

      v.  Reported: 02/07/2008.

      vi.  Remarks: "Consumer disputed account-reported by subscriber. Account seriously past due/account assigned to attorney, collection agency, or credit grantor's internal collection department."

c.  For EQUIFAX,

      i.  Condition: Derogatory.

      ii.  Pay Status: Late 120 Days.

      iii.  Past Due: $4741.

      iv.  Opened: (blank)

      v.  Reported: 02/2008.

      vi.  Remarks: "Consumer disputes this account information. Collection account"

54.     Plaintiff notified EQUIFAX, EXPERIAN, and TransUnion that the Dillard's account did not belong to him. Defendants, EQUIFAX and EXPERIAN, notified Defendant, LVNV, of Plaintiff's disputes. The disputed accounts continued to be reported by Defendants, EQUIFAX and EXPERIAN, on Plaintiff's credit report.

55.     On or about April 30, 2008, Plaintiff's co-counsel, Gruskin & Laberge, received a letter from Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), notifying Plaintiff that Weltman

was representing Defendant, LVNV, in its efforts to collect the debt on the Dillard's account and that Plaintiff had thirty (30) days to dispute the validity of the debt. A copy of the said letter is attached and incorporated herein as **EXHIBIT "X."**

56.     On or about June 27, 2008, Plaintiff received a letter from Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), notifying Plaintiff that Weltman was representing Defendant, LVNV, in its efforts to collect the debt on the Dillard's account and that Plaintiff had thirty (30) days to dispute the validity of the debt. A copy of the said letter is attached and incorporated herein as **composite EXHIBIT "Y".**

## FIRST CLAIM FOR RELIEF
### (Against LVNV)
### (Negligent Noncompliance with FCRA)

57.     Plaintiff re-alleges and incorporates paragraphs 1 through 56.

58.     Sometime prior to October 7, 2007, Defendant, LVNV, began reporting a derogatory account to Equifax, Experian and TransUnion.

59.     By February, 2008, the LVNV account was being reported by Equifax, Experian and TransUnion on Plaintiff's credit reports as a derogatory account.

60.     Plaintiff notified Equifax, Experian and TransUnion that the LVNV account did not belong to him in 2007.

61.     On information and belief, Equifax, Experian and TransUnion notified Defendant, LVNV, of Plaintiff's disputes that the account was not his.

62.     Equifax, Experian and TransUnion reported to Plaintiff that Defendant, LVNV, allegedly verified that the account belonged to him.

11

63.     The Defendant, LVNV account remained on Plaintiff's credit reports and was reported to all persons who received credit reports from Equifax, Experian and TransUnion concerning Plaintiff.

64.     Plaintiff was damaged as a result.

65.     In addition, Defendant, LVNV, accessed Plaintiff's credit report on numerous occasions without a permissible purpose as defined by the Act. 15 U.S.C. Section 1681b.

66.     Defendant, LVNV, negligently failed to comply with the provisions of the FCRA, 15 U.S.C. § 1681s-2(b).

67.     This subsection requires a furnisher to conduct a "reasonable investigation" of a consumer's dispute after it receives notice of that dispute through the credit reporting agency (CRA).

68.     Section 1681s-2(b) imposes five additional duties upon a furnisher. These duties are triggered by a dispute "with regard to the completeness or accuracy" of the information provided by the furnisher to the CRA. 15 U.S.C. § 1681s-2(b) (1).

69.     The first and second of these, §§ 1681s-2(b)(1)(A) and (B), require a furnisher to "conduct an investigation" and in doing so "to review all relevant information" provided by the credit reporting agency.

70.     The requirements of §§ 1681s-2(b)(1)(A), to "conduct an investigation," are extensive.    In accordance with its "ordinary, contemporary, and common meaning," an "investigation" is a "detailed inquiry or systematic examination." Am. Heritage Dictionary 920 (4th ed. 2000), as cited in *Johnson v. MBNA*, 357 F.3d 426 (4th Cir. 2004). By the use of the term "investigation", Congress intended to impose a rigorous standard requiring more than a minimal examination.

12

71.     Had the debt collector performed a reasonable reinvestigation, it would have discovered that plaintiff had repeatedly and vigorously disputed the debt to the original creditor, prior debt collectors, the debt collector's attorney and to the debt collector itself and that the debt belonged to another person.

72.     On information and belief, the debt collector never reviewed the original documents as part of its investigation.

73.     On information and belief, the debt collector never asked the credit bureaus for copies of the exact dispute and instead relied upon a code summarizing the dispute in an effort to make such investigations cheaper rather than reasonable.

74.     Upon the third of a furnisher's obligations under § 1681s-2(b), the creditor or debt collector must "report the results of the investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1)(C). Sometimes, a furnisher may not be able to conclusively determine through its standard procedures whether or not information or an account is correctly reported. Under these circumstances, the furnisher must still report "the results of the investigation" to the CRA. If a furnisher cannot conclusively determine the accuracy of its data, it must inform the CRA of the limitations of its investigation. LVNV could have at least informed the credit reporting agencies that it could not conclusively verify that Plaintiff was an obligor.

75.     The Fair Credit Reporting Act also requires a furnisher to inform all other CRA's to whom it has reported of the results of its investigation. 15 U.S.C. § 1681s-2(b)(1)(D).

76.     The final requirement obligates the furnisher to correct its own internal records to ensure that the inaccuracy does not get re-reported. 15 U.S.C. § 1681s-2(b)(1)(E).

13

77.    As a result of the Defendant, LVNV's violations, Plaintiff has suffered damages, including but not limited to the following: financial loss, denial of credit, loss of credit opportunity, out-of-pocket expenses, humiliation, emotional distress, injury to reputation, injury to credit rating, embarrassment, frustration, inconvenience, and harm to his interest in privacy.

78.    Plaintiff requests his attorney's fees pursuant to 15 USC §1681n(a).

## SECOND CLAIM FOR RELIEF
### (Against LVNV)
### (Willful Noncompliance with FCRA)

79.    Plaintiff re-alleges and incorporates paragraphs 1 through 56 and all of the paragraphs of the previous Count except the last two.

80.    Defendant, LVNV, willfully failed to comply with one or more of the provisions of the FCRA set forth in the previous Count.

81.    As a result of the Defendant, LVNV's violations, Plaintiff has suffered damages, including but not limited to the following: financial loss, denial of credit, loss of credit opportunity, out of pocket expenses, humiliation, emotional distress, injury to reputation, injury to credit rating, embarrassment, frustration, inconvenience, and harm to his interest in privacy.

82.    Plaintiff also requests punitive damages if this action is removed to federal court and reserves the right to amend the Complaint if it is not.

83.    Plaintiff requests his attorney's fees pursuant to 15 USC §1681o(a).

## THIRD CLAIM FOR RELIEF
### (Against LVNV)
### (Florida Consumer Collection Practices Act)

84.    Plaintiff re-alleges and incorporates paragraphs 1 through 56.

14

85.   Defendant, LVNV, violated the Florida Consumer Collection Practices Act in one or more of the following ways.

86.   Defendant, LVNV, violated the Florida Consumer Collection Practices Act, Section 559.72(5) by advising the credit bureaus that Plaintiff had an unpaid collection account when that information was false.

87.   Defendant, LVNV, violated the Florida Consumer Collection Practices Act, Section 559.72(6) by failing, at various times, to disclose to the credit reporting agencies that Plaintiff reasonably disputed the debt.

88.   Defendant, LVNV, violated the Florida Consumer Collection Practices Act, Section 559.72(9) by claiming, attempting, or threatening to enforce the debt when LVNV knew the debt was not legitimate.

89.   Defendant, LVNV, violated the Florida Consumer Collection Practices Act, Section 559.72(7) by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

90.   Defendant, LVNV, violated the Florida Consumer Collection Practices Act by engaging in the business of collecting debts and by attempting to collect an alleged debt from Plaintiff without registering with the Office of Financial Regulation as required by § 559.553(1). See, e.g., *Keli v. Universal Fidelity Corp.*, 1997 WL 33820142 (D. Haw. Feb. 25, 2007); *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp. 1443, 1452 (D. Nev. 1994); *Gaetano v. Payco of Wisconsin, Inc.* 774 F.Supp. 1404, 1415 (D. Conn. 1990).

91.     Defendant, LVNV, violated the Florida Consumer Collection Practices Act, Section 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication form the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

92.     Defendant, LVNV, violated the Florida Consumer Collection Practices Act, Section 559.715 by seeking to collect a debt without first complying with Section 559.715 which requires an assignee to give the debtor written notice of such assignment within 30 days after the assignment.

93.     Defendant, LVNV 's violations of the Florida Consumer Collection Practices Act caused Plaintiff to suffer damages, including denial of credit, increased cost of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy and emotional distress for which Plaintiff seeks damages.

94.     Plaintiff also requests statutory damages of $1,000, and attorney's fees and costs, pursuant to Section 559.77(2).

95.     Plaintiff also seeks punitive damages if this action is removed to federal court and reserves his right to seek punitive damages if this action remains in state court.

### FOURTH CLAIM FOR RELIEF
#### (Against LVNV)
#### (Defamation)

96.     The allegations in paragraphs 1 through 56 of this Complaint are re-alleged and incorporated herein by this reference.

97.     Defendant, LVNV, published inaccurate information to one or more credit bureaus and through one or more credit bureaus to one or more of plaintiff's potential lenders on one or more occasions relating to credit for which Plaintiff sought to apply.

98.     Defendant, LVNV, placed derogatory information on Plaintiff's credit report and let it remain there despite its knowledge and admissions that such information was inaccurate.

99.     This defamation was done maliciously or with willful intent within the meaning of the Fair Credit Reporting Act.

100.    Defendant, LVNV, was provided specific and substantial evidence from Plaintiff, as well as from the credit reporting agencies, as described herein, that the information it maintained and published was inaccurate.

101.    Defendant, LVNV, willfully determined to follow procedures which did not review, confirm, or verify the information it was reporting on Plaintiff's credit reports despite being repeatedly advised by Plaintiff and the credit bureaus that Plaintiff disputed the inaccurate information.

102.    As a result of the Defendant, LVNV's violations, Plaintiff has suffered damages, including but not limited to the following: financial loss, denial of credit, loss of credit opportunity, out of pocket expenses, humiliation, emotional distress, injury to reputation, injury to credit rating, embarrassment, frustration, inconvenience, and harm to his interest in privacy.

103.    The defamatory conduct and actions of Defendant, LVNV, were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff, such as to justify an award of punitive damages against Defendant, LVNV, in an amount to be determined by the Court.

17

104.    Plaintiff also seeks punitive damages if this action is removed to federal court and reserves his right to seek punitive damages if this action remains in state court.

### FIFTH CLAIM FOR RELIEF
### (Against LVNV)
### (Invasion of Privacy)

105.    The allegations in paragraphs 1 through 56 of this Complaint are re-alleged and incorporated herein by this reference.

106.    Defendant, LVNV, knowingly and maliciously published private facts that would be offensive to the reasonable person and not of legitimate public concern.

107.    It did so maliciously or with willful intent.

108.    Plaintiff did not authorize the publication of said facts.

109.    Defendant, LVNV, attempted to commercially benefit from such publication.

110.    Defendant, LVNV, knowingly and maliciously published facts that placed Plaintiff in a false light.

111.    As a result of the Defendant, LVNV's violations, Plaintiff has suffered damages, including but not limited to the following: financial loss, denial of credit, loss of credit opportunity, out of pocket expenses, humiliation, emotional distress, injury to reputation, injury to credit rating, embarrassment, frustration, inconvenience, and harm to his interest in privacy.

112.    The conduct and actions of Defendant, LVNV, were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against Defendant, LVNV, in an amount to be determined by the Court.

113.    Plaintiff also seeks punitive damages if this action is removed to federal court and reserves his right to seek punitive damages if this action remains in state court.

18

### SIXTH CLAIM FOR RELIEF
### (Against LVNV)
### (Fair Debt Collection Practices Act)

114.     The allegations in paragraphs 1 through 56 of this Complaint are re-alleged and incorporated herein by this reference.

115.     This is an action for damages brought by an individual consumer for Defendant, LVNV's violations of the FDCPA which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

116.     Defendant, LVNV, is a debt collector as defined under 15 U.S.C. § 1692a.

117.     Plaintiff is a consumer under the FDCPA.

118.     Defendant, LVNV, violated one or more provisions of the Fair Debt Collection Practices Act including but not limited to the allegations as follows.

119.     Defendant, LVNV, violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with collection of a debt.

120.     Defendant, LVNV, violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had requested the Defendant to cease communication with the Plaintiff.

121.     Defendant, LVNV, violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the Plaintiff had disputed the debt in writing on December 20, 2007 within thirty days of  receiving the November 30, 2007 notice of the 15 U.S.C. § 1692g debt validation rights from Defendant, LVNV's attorney and agent in fact.

19

122.    Defendant, LVNV, violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the debt collection by reporting the debt to the credit bureaus without notating that it was disputed.

123.    Defendant violated Section 1692e(5) of the FDCPA by engaging in debt collection activity in Florida without being licensed as a collection agency under Florida law.

124.    Defendant's attempts to collect the debt while being an unlicensed collection agency constituted a violation of Section 1692(e)(5) because it threatened to take action that it could not legally take. See *Keli v. Universal Fidelity Corp.*, 1997 WL 33820142 (D. Haw. Feb. 25, 2007); *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp. 1443, 1452 (D. Nev. 1994); *Gaetano v. Payco of Wisconsin, Inc.* 774 F.Supp. 1404, 1415 (D. Conn. 1990).

125.    Defendant, LVNV, violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt.

126.    Defendant, LVNV, violated 15 U.S.C. § 1692c(a)(2) because it communicated with the consumer after it knew the consumer to be represented by an attorney.

127.    Defendant, LVNV, violated 15 U.S.C. § 1692c(c) because it contacted the consumer after the consumer has notified the debt collector in writing that the consumer refuses to pay the debt or that the consumer wishes the debt collector to cease further communication.

128.    Defendant, LVNV, has vicarious liability for the actions of its counsel in seeking to collect a debt after plaintiff repeatedly notified LVNV directly and indirectly that he disputed the debt and would not pay the debt.

129.    Defendant, LVNV, has vicarious liability for the actions of its counsel in seeking to

collect a debt after plaintiff repeatedly notified LVNV that plaintiff was represented by counsel.

130. Under 15 U.S.C. § 1692e, a debt collector violates the Fair Debt Collection Practices Act if it uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This prohibition includes false representations as to "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(1)(A). Thus, a consumer states a valid claim for relief under the Act when he alleges that a debt collector has made false representations as to the legal status of a debt in connection with the sale, transfer or assignment of a debt to another debt collector, with the knowledge that the purchaser, transferee or assignee intends to initiate or continue attempts to collect the debt. LVNV violated this provision of the Act when it referred the debt to an attorney to send one or more collection notices.

131. As a result of the above violations of the FDCPA, Defendant, LVNV, is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and attorney's fees pursuant to 15 U.S.C. § 1692K.

## SEVENTH CLAIM FOR RELIEF
### (Against Equifax)
### (Negligent Noncompliance with FCRA)

132. Plaintiff re-alleges and incorporates paragraphs 1 through 56.

133. Defendant, EQUIFAX, negligently failed to comply with the requirements of FCRA, including but not limited to:

        (a) Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff as required by 15 USC § 1681e(b);

        (b) failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant, EQUIFAX, received from

21

Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(c)  failing to review and consider all relevant information submitted by Plaintiff in conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. § 1681i(a)(4);

(d)  failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b in that the credit bureau released Plaintiff's credit report to Defendant, LVNV, after it was provided with objective evidence that plaintiff did not owe a debt to Defendant, LVNV;

(e)  failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not maintain reasonable procedures designed to avoid violations of section 1681c of the Fair Credit Reporting Act and to limit the furnishing of consumer reports to the purposes listed under Section 1681b of the Fair Credit Reporting Act; and

(f)  Failing to comply with the reasonable reinvestigation requirements in 15 USC §1681i in that it did not insist on any documentation specifically challenging the letter from the original creditor showing that Plaintiff did not owe the debt and, on information and belief, never contacted the original creditor and, on information and belief, has sought to streamline the investigation process to such an extent that underlying dispute documentation is almost never provided to the furnisher as part of the dispute process.

134.    As a result of Defendant, EQUIFAX's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer damages, including but not limited to the following:  financial loss, denial of credit, loss of credit opportunity, out of pocket expenses,

humiliation, emotional distress, injury to reputation, injury to credit rating, embarrassment, frustration, inconvenience, and harm to his interest in privacy.

135. Plaintiff requests his attorney's fees pursuant to 15 USC §1681o(a).

### EIGHTH CLAIM FOR RELIEF
### (Against Equifax)
### (Willful Noncompliance with FCRA)

136. Plaintiff re-alleges and incorporates herein paragraphs 1 through 56.

137. Defendant, EQUIFAX, willfully failed to comply with the requirements of FCRA, including but not limited to:

(a)    Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC §1681e(b);

(b)    failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant, EQUIFAX, received from Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(c)    failing to review and consider all relevant information submitted by Plaintiff in conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. § 1681i(a)(4);

(d)    failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b in that the credit bureau released Plaintiff's credit report to LVNV after it was provided with objective evidence that Plaintiff did not owe a debt to Defendant, LVNV;

(e)    failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not maintain reasonable procedures designed to avoid violations of section 1681c of

the Fair Credit Reporting Act and to limit the furnishing of consumer reports to

the purposes listed under Section 1681b of the Fair Credit Reporting Act; and

(f)     Failing to comply with the reasonable reinvestigation requirements in 15 USC

§1681i in that it did not insist on any documentation specifically challenging the

letter from the original creditor showing that Plaintiff did not owe the debt and,

on information and belief, never contacted the original creditor and, on

information and belief, has sought to streamline the investigation process to such

an extent that underlying dispute documentation is almost never provided to the

furnisher as part of the dispute process.

138.    As a result of Defendant, EQUIFAX's failure to comply with the requirements of

FCRA, Plaintiff has suffered, and continues to suffer damages, including but not limited to the

following:  financial loss, denial of credit, loss of credit opportunity, out of pocket expenses,

humiliation, emotional distress, injury to reputation, injury to credit rating, embarrassment,

frustration, inconvenience, and harm to his interest in privacy.

139.    Plaintiff also seeks punitive damages if this action is removed to federal court and

reserves his right to seek punitive damages if this action remains in state court.

140.    Plaintiff requests statutory damages and his attorney's fees pursuant to 15 USC

§1681n(a).

### NINTH CLAIM FOR RELIEF
#### (Against Experian)
#### (Negligent Noncompliance with FCRA)

141.    Plaintiff re-alleges and incorporates paragraphs 1 through 56.

142.    Defendant, EXPERIAN, negligently failed to comply with the requirements of FCRA,

24

including but not limited to:

(a)      Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff as required by 15 USC §1681e(b);

(b)      failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant, EQUIFAX, received from Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(c)      failing to review and consider all relevant information submitted by Plaintiff in conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. § 1681i(a)(4);

(d)      failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b in that the credit bureau released Plaintiff's credit report to Defendant, LVNV, after it was provided with objective evidence that plaintiff did not owe a debt to Defendant, LVNV;

(e)      failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not maintain reasonable procedures designed to avoid violations of section 1681c of the Fair Credit Reporting Act and to limit the furnishing of consumer reports to the purposes listed under Section 1681b of the Fair Credit Reporting Act; and

(f)      Failing to comply with the reasonable reinvestigation requirements in 15 USC §1681i in that it did not insist on any documentation specifically challenging the letter from the original creditor showing that Plaintiff did not owe the debt and, on information and belief, never contacted the original creditor and, on information and belief, has sought to streamline the investigation process to such

an extent that underlying dispute documentation is almost never provided to the furnisher as part of the dispute process.

143.    As a result of Defendant, EXPERIAN's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer damages, including but not limited to the following:  financial loss, denial of credit, loss of credit opportunity, out of pocket expenses, humiliation, emotional distress, injury to reputation, injury to credit rating, embarrassment, frustration, inconvenience, and harm to his interest in privacy.

144.    Plaintiff requests his attorney's fees pursuant to 15 USC §1681o(a).

### TENTH CLAIM FOR RELIEF
### (Against Experian)
### (Willful Noncompliance with FCRA)

145.    Plaintiff re-alleges and incorporates paragraphs 1 through 56.

146.    Defendant, EXPERIAN, willfully failed to comply with the requirements of FCRA, including but not limited to:

(a)        Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC §1681e(b);

(b)        failing to provide the furnisher of disputed information with all relevant information regarding the dispute that Defendant, EXPERIAN, received from Plaintiff in accordance with 15 U.S.C. § 1681i(a)(2)(A);

(c)        failing to review and consider all relevant information submitted by Plaintiff in conducting reinvestigations of disputed accounts in accordance with 15 U.S.C. § 1681i(a)(4);

26

(d)    failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b in that the credit bureau released Plaintiff's credit report to LVNV after it was provided with objective evidence that Plaintiff did not owe a debt to Defendant, LVNV;

(e)    failing to comply with 15 U.S.C. § 1681e(a) in that the credit bureau did not maintain reasonable procedures designed to avoid violations of section 1681c of the Fair Credit Reporting Act and to limit the furnishing of consumer reports to the purposes listed under Section 1681b of the Fair Credit Reporting Act; and

(f)    Failing to comply with the reasonable re-investigation requirements in 15 USC §1681i in that it did not insist on any documentation specifically challenging the letter from the original creditor showing that Plaintiff did not owe the debt and, on information and belief, never contacted the original creditor and, on information and belief, has sought to streamline the investigation process to such an extent that underlying dispute documentation is almost never provided to the furnisher as part of the dispute process.

147.    As a result of Defendant, EXPERIAN's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer damages, including but not limited to the following:  financial loss, denial of credit, loss of credit opportunity, out of pocket expenses, humiliation, emotional distress, injury to reputation, injury to credit rating, embarrassment, frustration, inconvenience, and harm to his interest in privacy.

148.    Plaintiff also seeks punitive damages if this action is removed to federal court and reserves his right to seek punitive damages if this action remains in state court.

149.    Plaintiff requests statutory damages and his attorney's fees pursuant to 15 USC §1681n(a).

## PRAYER

WHEREFORE Plaintiff, **JOSEPH E. MOTTA,** prays this Court will enter a judgment against Defendants, **LVNV FUNDING LLC, EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.**, as follows:

### On the First Claim for Relief:

A.    Awarding actual damages to Plaintiff;

B.    Attorney's fees;

C.    Costs and expenses incurred in the action; and

D.    Other liability as the court should find just, based on the frequency, persistence, and nature of non-compliance by Defendant.

### On the Second Claim for Relief:

A.    Awarding actual damages to Plaintiff;

B.    Attorney's fees;

C.    Punitive damages if this matter is removed to federal court or if a proper predicate is laid if this matter remains in state court; and

D.    Costs and expenses incurred in the action.

### On the Third Claim for Relief:

A.    Awarding actual and statutory damages to Plaintiff;

B.    Attorney's fees;

28

C.  Costs and expenses incurred in the action;

D.  Punitive damages if this matter is removed to federal court or if a proper predicate is laid if this matter remains in state court; and

E.  Such equitable relief as this Court deems necessary or proper, including enjoining the defendant from further violations of this part, pursuant to Fla. Stat. § 559.78.

**On the Fourth Claim for Relief:**

A.  Awarding actual damages to Plaintiff;

B.  Punitive damages if this matter is removed to federal court or if a proper predicate is laid if this matter remains in state court; and

C.  Costs and expenses incurred in the action; and

**On the Fifth Claim for Relief:**

A.  Awarding actual damages to Plaintiff; and

B.  Costs and expenses incurred in the action.

**On the Sixth Claim for Relief:**

A.  Awarding actual and statutory damages to Plaintiff;

B.  Attorney's fees; and

C.  Costs and expenses incurred in the action.

**On the Seventh Claim for Relief:**

A.  Awarding actual damages to Plaintiff;

B.  Attorney's fees; and

C.  Costs and expenses incurred in the action; and

D.  Plaintiff requests trial by jury on all issues so triable.

### On the Eighth Claim for Relief:

A.      Awarding actual damages to Plaintiff;

B.      Punitive damages if this matter is removed to federal court or if a proper predicate is

laid if this matter remains in state court;

C.      Attorney's fees; and

D.      Costs and expenses incurred in the action; and

### On the Ninth Claim for Relief:

A.      Awarding actual damages to Plaintiff;

B.      Attorney's fees; and

C.      Costs and expenses incurred in the action.

### On the Tenth Claim for Relief:

A.      Awarding actual damages to Plaintiff;

B.      Attorney's fees;

C.      Punitive damages if this matter is removed to federal court or if a proper predicate is

laid if this matter remains in State court; and

D.      Costs and expenses incurred in the action.

PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

**DATED** this 9th  day of  July , 2008.

_____
**STEVEN M. FAHLGREN, ESQUIRE**
Florida Bar No.: 0008450
Law Offices of Steven M. Fahlgren, P.A.
552382 U.S. Highway 1 North
Hilliard, FL 32046
Telephone: (904) 845-2255
Facsimile: (904) 845-3934

And

**DAVID GRUSKIN, ESQUIRE**
Florida Bar No.: 309788
Gruskin & Laberge, P.A.
2719 First Avenue North
St. Petersburg, FL 33713
Telephone: (727) 321-1918
Facsimile: (727) 321-2839
*Counsel for Plaintiff*

M:\Motta v. LVNV Funding\PLEA\Complaint - Motta v. LVNV.doc

31